Frantz v. Ireland.

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, April 1, 1873. *Mullin, Talcott* and *E. D. Smith*, Justices.]

---

## PHILIP L. FRANTZ *vs.* WILLIAM IRELAND.

In an action for trespass upon land, a witness was asked whether a certain fence was designed to be on a certain line. The witness did not answer as to any design or intention, on the subject, but only undertook to say where the fence was in fact placed. *Held* that the answer was admissible.

There is no objection to showing a witness a memorandum previously made, after he has stated that it was made by his direction, in his presence.

There is no legal objection to a witness estimating the contents of a tree from the size and appearance of the stump which was left after the tree was cut down and removed.

The possession of land, in law, presumptively, accompanies the title; and this presumption is only to be overthrown by showing a different possession in fact.

A party cannot lie by, at the trial, and suffer the court to direct a verdict on the assumption that there is no question of fact involved, and then, on a general objection to the direction, claim that there is a question of fact to be submitted to the jury, which he did not suggest on the trial.

A general objection, to the whole charge of the judge, presents no question for review.

MOTION for a new trial on exceptions taken by the defendant at the Seneca circuit, and ordered to General Term in the first instance.

*C. H. Weed,* for the motion.

*Burton & Ten Eyck,* opposed.

*By the Court,* TALCOTT, J. This is an action of trespass for entering upon certain land of the plaintiff, part of lot 28, in the town of Fayette. The defendant pleaded title. The case has been before us on a former occasion. (4 *Lans.* 278.) On that occasion we held that the former recovery by the now plaintiff, in the action of ejectment brought against him by a predecessor of the present defendant, if the title of the same land was in question, was presumptively conclusive upon the title to the land in controversy, which is a strip lying along the line which divides the lands of the parties, and the controversy being, to which it belongs. We furthermore held that as the judgment in the former action purported to have been rendered on a verdict, such statement of the record must be taken as true, and until the record was amended or set aside, it could not be contradicted, in this collateral action, by the minutes of the clerk or otherwise. We furthermore held that the description of the premises in the judgment roll in the action of ejectment being indefinite, parol evidence was admissible to correct the uncertainty and to point out the exact land which was in controversy in the former action.

This latter was the main question argued on the former occasion, and our decision upon the point was based upon the decision of the court of last resort in the leading case of *Wood* v. *Jackson ex dem. Jenet,* (8 *Wend.* 9,) which, as we understand it, goes farther in the direction of allowing parol evidence to identify premises which were the subject of a former adjudication, than anything required in this case. All the foregoing points therefore may be laid out of view on this occasion as being settled. So also we are not now to consider any allegations of the defendant's counsel of any mistake or misconception of the facts constituting what he terms a mistrial. The case comes before us on an order directing the exceptions to be heard at General Term; and the case is not before us for any purpose except to hear

the defendant's allegations of error in law, which have been specifically pointed out by exceptions taken on the trial.

The first and second of the defendant's points are founded upon allegations of error which are involved in the former decision, referred to, and need not be again considered here.

The exceptions to the admission of other evidence to which our attention is called require little remark. The witness Ayres was asked whether a certain fence was designed to be on a certain line. It is sufficient to say in regard to the exception to this question, that the witness did not answer as to any design or intention on the subject, but only undertook to say where the fence was in fact placed. There was no objection to showing the witness the memorandum, after he had stated that it was made by his direction, in his presence. There was no legal objection to a witness estimating the contents of a tree from the size and appearance of the stump which the defendant left after cutting down and removing the tree. This was almost the only means left to the plaintiff of arriving at the amount of the spoliation, whereas the defendant had the means of showing the exact or nearly exact contents of the tree he had removed.

The defendant offered to show that he for thirty years prior to the trial in 1850 had been practically in possession of the gore in dispute, and that up to the time of this action there had been no possession on the part of Frantz or his grantor. This offer was objected to and overruled, and the defendant excepted. It is not entirely clear what the defendant meant by this offer. His offer as to his own possession was confined to the period preceding the former trial and recovery. And so far as we can attach any meaning to it, the offer was to show a title by adverse possession prior to the former recovery, and thus to show that recovery to have been erro-

Frantz *v.* Ireland.

neous. If this was the case it was a mere offer to retry the same question which was presumptively determined on the former trial. The offer to show that there had been no possession on the part of Frantz or his grantor up to the time of this action, was of no avail. There was no offer to show any adverse possession in the defendant, or any one else, in hostility to Frantz and his grantor, since the former trial and judgment. The possession, in law, presumptively, accompanies the title, and this presumption is only to be overthrown by showing a different possession in fact. We see no error in the rejection of this offer in question.

The offer to show by the clerk's minutes and by parol that the former action terminated in a nonsuit, was an offer, as we before held, to contradict the record, and involved no question of how far and by what species of evidence a party may show that a general verdict did not pass upon the merits.

The defendant now claims that the question whether the premises on which the trespasses complained of in this case, are the same which were the subject of the action of ejectment, was a question of fact for the jury.

This is true as an abstract proposition. But the defendant did not claim on the trial that there was any question of fact to go to the jury. A party cannot lie by, at the trial, and suffer the court to direct a verdict on the assumption that there is no question of fact involved, and then, on a general objection to the direction, claim that there was a question of fact to be submitted to the jury which he did not suggest on the trial. It is quite evident that it was assumed on the trial of this case that the rulings on the questions of law disposed of the case, and that there was no dispute as to the identity in fact of the premises on which the alleged trespasses were committed, with those involved in the action of ejectment. The objection to the charge was to the

whole charge equally, and, as has often been held, presents no question for review.

Motion for new trial denied, and judgment ordered for the plaintiff on the verdict.

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, April 1, 1873. *Mullin*, *Talcott* and *E. D. Smith*, Justices.]