## SUPREME COURT.

### LUMAN REED and others agt. DENNIS LOUCKS.

*Ejectment — New trial — The statute authorizing the vacating of the judgment and a new trial in ejectment, applies to ejectment for non-payment of rent — Relief against omissions " through mistake" — Code of Civil Procedure, section 724.*

One A. L., then in possession of the property, on March 31, 1866, executed a mortgage to one K. to secure the payment of $920 and interest advanced by K. to A. L. to purchase the same. K. brought a suit in 1875 to foreclose the mortgage. G. and M. who held a subsequent mortgage defended on the ground that A. L. held no title. On the trial K. succeeded, and the premises were sold and K. bought. D. L. occupied one year under him and paid rent. Then one H. entered under K. and is still in possession. K. has since paid a prior mortgage of $700, so that he has put in the property over $1,600. Pending the foreclosure in August, 1875, the present action was brought against D. L., who was then in possession, to recover property for non-payment of rent. D. L. did not defend, and on June 27, 1876, the plaintiffs obtained judgment ; M., of the firm of G. & M., being his counsel. Of all this K. was ignorant, and in 1877 paid the prior mortgage of $700. G. & M. having obtained the title of present plaintiffs, bring ejectment against H., K.'s tenant, claiming that the judgment in this suit cuts off K.'s rights :

*Held,* that justice requires that the judgment in this action should be opened.

*Held,* also, that the motion can be granted under section 724 of the Code of Civil Procedure, as evidently there was a mistake, and no written notice of the judgment was given.

*Held,* further, that by the Revised Statutes (*vol.* 3, *page* 576, *section* 34, *6th edition*) the court has power in " every judgment in ejectment rendered by default, on payment of costs, &c., &c., to vacate such judgment, and grant a new trial if such court shall be satisfied that justice will be promoted," &c., &c. Every judgment in ejectment rendered by default certainly includes one brought to recover for non-payment of rent (*Christie* agt. *Bloomingdale,* 18 *How.,* 12, *not approved*).

*Ulster Special Term, June,* 1879.

MOTION by Robert Kerr, the landlord of defendant Loucks, to set aside a judgment by default in an action of ejectment recovered against the tenant.

*G. R. Adams*, for motion.

*I. H. Maynard*, for plaintiffs and opposed.

WESTBROOK, *J.* — One Abraham Loucks, then in possession of the property, on March 31, 1866, executed a mortgage to one Robert Kerr to secure the payment of $920 and interest. This mortgage was given to secure that sum advanced by Kerr to Loucks to purchase the same. Kerr brought a suit in March, 1875, to foreclose the mortgage. Gilbert & Maynard, who held a subsequent mortgage on the same property, defended on the ground that Abraham Loucks held no title. On a trial Kerr succeeded, and the premises were sold under a decree of foreclosure on November 3, 1876, and Kerr bought Dennis Loucks occupied one year under him and paid rent Then Marcy Hallenbeck entered under Kerr and is still in possession. Kerr has since paid a prior mortgage of $700, so that Kerr has put in the property over $1,600.

Pending the foreclosure, and in August, 1875, the present action was brought against Dennis Loucks, who was then in possession, to recover the property for non-payment of rent. Dennis did not defend, and on June 27, 1876, the plaintiffs obtained judgment, Isaac H. Maynard, of Gilbert & Maynard, being his counsel. Of all this Kerr was ignorant, and in 1877, paid the prior mortgage of $700. Gilbert & Maynard having obtained the title of the present plaintiffs, bring ejectment against Hallenbeck, Kerr's tenant, claiming that the judgment in this suit cuts off Kerr's rights. Very plainly, if the new suit can thus be sustained, great injustice will be done to Kerr.

Justice requires that the judgment in this action should be opened. That places all parties where they should be. If this action can be maintained, the plaintiffs will succeed and get their rights. The motion can be granted under section

724 of the Code, as evidently there was a mistake, and no written notice of the judgment was given (*Bissell* agt. *N. Y. Cent. R. R. Co.*, 66 *Barb.*, 386; see *pages* 390, 391). There need, however, be no difficulty on this point, for independent thereof, by the Revised Statutes (*vol. 3, page* 576, *section* 34, 6 *edition*), the court has power in "*every* judgment in eject- ment rendered by default on payment of costs, &c., to vacate such judgment, and grant a new trial if such court shall be satisfied that justice will be promoted," &c., &c. I am so satisfied, and for that reason grant a new trial on payment of the costs and damages. Kerr should also be made a party and allowed to defend.

*Christie* agt. *Bloomingdale* (18 *How.*, 12), was not a judg- ment "on default," and with the remarks of judge GOULD (*on pages* 13 *and* 14), I do not agree. "Every judgment in eject- ment rendered by default," certainly includes one brought to recover premises for non-payment of rent, and I never hold to a construction of a statute nullifying plain words, expres- sive of a clear intent, and certainly this case well illustrates the need of interpreting the statute as it reads. As the statute provides for a new trial in "every judgment in eject- ment rendered by default," it was necessary, if it was intended to apply only to a case in which damages had been recovered, so to declare in plain words; but, as it reads, its application is not limited to a case, in which damages can be given. And if the reasoning of the opinion, in the decision referred to, upon the statute giving the right of redemption (3 *R. S.* [6*th edition*], *page* 819, *section* 5) is sound, then an irregular judgment and execution would, after the lapse of six months, create a bar, a purpose and intent which could not have been entertained. The bar created by the statute is based upon a judgment and execution which are upheld, and not vacated and set aside. Thus reading the statutes, there is no confusion.

The relief granted is based upon both section 724 of the Code and the provisions of the Revised Statutes in regard to

new trials in ejectment cases. The defendant in the action seems to have been ignorant of the nature of the proceedings against him, whilst Kerr, the party who is to suffer, was entirely in ignorance of the proceeding. Loucks labored under "a mistake" of ignorance as to the effect of the suit, whilst Kerr labored under "a mistake" of ignorance of any suit, and the failure of either to move earlier was, I think, under the circumstances, excusable neglect. The year given by section 724 in which to move has not yet expired, for notice has not been given (67 *Barb.*, 386, *before cited*).