HENRY E. NEAFIE, Respondent, v. THE MANUFACTURERS' ACCIDENT INDEMNITY COMPANY OF THE UNITED STATES, Appellant.

*Insurance against accident — of an ice proprietor — when a party delivering ice in person is covered thereby*

A policy of insurance against accident, contained the following note descriptive of the business of the assured : " Henry E. Neafie, of Canandaigua, county of Ontario, State of New York, by profession, occupation or employment an iceman (propr.), member of this company," etc.

*Held*, that a claim by the insurance company that the assured, at the time of receiving the injuries was an ice deliverer only, and in a different class from an

iceman who was the proprietor of a business, and that consequently the rate of indemnity was only five dollars per week, and not twenty dollars a week, which latter was the rate at which a person who was a proprietor of the ice business might be insured, could not be sustained.

That the expression used in the policy covered not merely a proprietor who con ducted a general ice business by advice from his office, but also an iceman or a man who might be a deliverer of ice and be at the same time the owner and proprietor of such business.

APPEAL by the defendant from a judgment of the Ontario County Court, entered in the office of the clerk of the county of Ontario on the 23d day of July, 1889, affirming a judgment rendered by a justice of the peace in the plaintiff's favor for $154.28 damages and eight dollars and fifty-five cents costs.

*John E. Bean,* for the appellant.

*E. M. Morse,* for the respondent.

MACOMBER, J.:

This action is brought upon a policy of insurance against accidents, by which in case of personal injuries to the plaintiff the defendant should pay him the sum of twenty dollars per week, provided such injuries produced total inability to attend to the employment or occupation or profession in which the insured was engaged.

The main contention made in behalf of the defendant against payment of the twenty dollars a week during the time when the plaintiff was disabled from labor is, that he, at the time of receiving the injuries, was an ice deliverer only, and in a different class from an iceman who was a proprietor of a business, and that, consequently, the rate of indemnity was only five dollars per week. The policy which was issued to the plaintiff, contains this language, descriptive of the business of the plaintiff : "Henry E. Neafie, of Canandaigua, county of Ontario, State of New York, by profession, occupation or employment, an iceman (propr.), member of this company," etc. Evidence was given that the rate, at which a person who was the proprietor of the ice business might be insured, was twenty dollars a week, while in the class of a mere deliverer of ice, who was not a proprietor of the business, the extent was five dollars per week. The expression, however, which is used in the policy is not that of a mere proprietor who conducts a general ice business by advices

from his office, but, on the contrary, it was that of an iceman, or a man who might be a deliverer of ice, and who was at the same time the owner or proprietor of such business. The plaintiff received the injuries while engaged in the manual duties pertaining to the delivery of ice to his customers. The circumstance that he was the proprietor is important only as showing the value of his time and his ability to earn money. The weekly payments provided for by the policy are graduated according to the ability of the party insured to earn money in his employment, occupation or profession.

There is a provision in the policy that, if a person receives an injury while engaged temporarily or otherwise in an occupation or employment classified as more hazardous than the one stated in his application, indemnity shall be afforded only at the rate provided for the occupation or employment in which the injury is received. No partial defense is available to the defendant under this provision, for the reason that our construction of the language above quoted is, that the occupation or employment of the plaintiff as an iceman, adding the words "as proprietor," did not describe him as only engaged in the management of a business, but was broad enough to include a practical and laboring man engaged in the actual delivery of ice in his own behalf. Had he not been actually the proprietor of his own business, then, doubtless, the policy would not have provided any payment to him above five dollars a week, placing him in a class of mere laborers.

It is further claimed in behalf of the defendant that no recovery can be had, because no immediate notice of the accident was given to the company in pursuance of the requirements of the policy. By inspection of the case, however, it is found that the company distinctly waived any defense of this kind in its communication made by the secretary to the plaintiff.

It is further contended that the disability caused by the injuries was partial only, and not total, and that, consequently, under the terms of the policy no recovery can be had. It is true that no right of action accrues to the plaintiff under the terms of the policy unless the disability to pursue his vocation is total, and not merely partial. (*Knapp* v. *Pref. Mut. Acc. Assn.*, 53 Hun, 84.) This question is to be determined by the language of the policy in connection with

that of the application, where it is said in the policy that he was by "occupation or employment an iceman (prop.)," and in the applicacation where it is said "my occupation is fully described as follows: "Iceman, proprietor."

The circumstances of the case, in connection with the testimony, discloses the fact that the plaintiff, while not able, by reason of his personal injuries so received, to carry on the business of delivering ice, was totally disabled within the meaning of this policy, although, notwithstanding his injuries, he was able to give general directions to persons who took his place as an iceman during the period of his disability.

The judgment should be affirmed, with costs.

BARKER, P. J., and DWIGHT, J., concurred.

Judgment affirmed, with costs.