MARY ANN NOONAN, AS ADMINISTRATRIX OF WILLIAM NOONAN, JR., DECEASED, APPELLANT, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, RESPONDENT.

*Practice — an abandonment of a case and exceptions — its filing cannot be compelled — the appeal is still left to be heard upon the judgment-roll.*

A plaintiff having been nonsuited, her attorney made a case and exceptions, which were settled and ordered filed. He, however, neglected to file them, and served the defendant with a notice that the case and exceptions had been abandoned, and ten days later began a new action. The defendant then procured an order requiring the plaintiff to file the case and exceptions.

*Held*, that the court had no power to grant the order.

That, under Rule 35, upon a failure to file the case it was deemed abandoned and could not be revived.

That there remained to both parties the right to have the appeal heard upon the judgment-roll alone.

APPEAL by the plaintiff Mary Ann Noonan, as administratrix, etc., of William Noonan, Jr., from an order, entered in the office of the clerk of the county of Genesee on the 9th day of December, 1891, requiring the plaintiff to file a case and exceptions as signed, settled and directed to be filed by Mr. Justice CHILDS.

A part of the affidavit of the plaintiff's attorney read upon the motion was as follows :

Deponent further says : That it became necessary to make a case and exceptions in order to obtain an order from Mr. Justice CHILDS that his former order made at the close of the trial might be modified so that a motion for a new trial on said case might be heard in the first instance at the Special Term. That after the new facts came to light, which make the defendant liable, deponent only had two courses which he might pursue : First. To embody these new facts in the form of an affidavit and make a motion at some Special Term for new trial on the ground of newly discovered evidence and surprise. Second. To commence a new action ; that to make said motion it is necessary to settle a case and exceptions ; that if a new action was commenced, the order that the case be heard in the first instance in the General Term must be modified, or the defendant in the new action to be commenced could successfully plead that action No. 1 was still pending, and would be a bar to action No. 2, and in order to modify this order it was equally necessary to make a case and exceptions.

Deponent further says : That after said case and exceptions were made and signed he determined that it would be extremely hazardous for deponent to attempt to get a new trial ; that said case and exceptions as made did not contain the new facts which fastened the liability of the defendant ; and, on the facts as presented in the case and exceptions as signed, it would probably be the duty of the appellate court to affirm the decision of Mr. Justice CHILDS ; that the result of the motion for a new trial on the grounds of surprise and newly discovered testimony was not sure ; that the cause of action would outlaw on the 25th day of February, 1892 ; that if deponent should fail to get a new trial in the appellate court the new facts would be of no avail, for the reason that the cause of action would have outlawed, therefore deponent was forced to

abandon his appeal and commence a new action ; that after deponent came to this conclusion he served on the defendant's attorney a notice, as he had a right to under Rule 35, that he would abandon his case and exceptions and the defendant might enter an order to that effect and proceed in action No. 1 as if no case and exceptions had been made, and then, after waiting ten days from the time said case and exceptions were signed, commenced a new action.

*M. F. Brown*, for the appellant.

*George F. Brownell*, for the respondent.

MACOMBER, J. :

The plaintiff brought this action to recover damages sustained by the next of kin by reason of the death of her intestate, caused by the alleged negligence and unskillfulness of certain physicians employed by the defendant to attend the intestate, who had been injured on its railway while working as an employee of that corporation.

On the trial the plaintiff was nonsuited. Upon application to the court there was granted to her ninety days' time in which to make a case, with exceptions, which was ordered to be heard at the General Term in the first instance. Subsequently the justice making this order modified the same by striking out that portion directing the exceptions to be heard in the General Term in the first instance. The case, with exceptions, was settled October 14, 1891, by the justice, who directed the same to be filed. Subsequently to this, it was determined by the plaintiff's counsel to abandon further prosecution of that action, for what reason is immaterial to this appeal. Accordingly, on the 19th day of October, 1891, there was served upon the defendant's attorney a notice that the case, with exceptions, had been abandoned, and that an order might be entered as of course, declaring the same abandoned without notice to the plaintiff. The case was not, in fact, filed under Rule 35. A new action was begun October 28, 1891, and the motion, the order made upon which is now appealed from, was made in December, 1891, to compel the plaintiff to file the case and exceptions.

We know of no rule of the court which forces a party to proceed with a hearing upon a case and exceptions; and, consequently, we

know of no practice by which, after the abandonment of such case and exceptions, a party, on motion of his opponent, can be required to proceed, in that mode, to review the decision at the trial. Rule 35 of the General Rules of Practice cannot bear any such construction. By that rule, unless the time in which a party is required to file a case after the same has been settled and signed shall be enlarged, the case is abandoned, and the party may proceed as if no case or exceptions had been made. There remains to either side the privilege, of course, to proceed to a hearing upon the judgment-roll, if it is deemed advisable. The case for review, therefore, is not, by any means, under Rule 35, thrown out of court by the practice here pursued by the plaintiff's attorney. There is still open to him an appeal upon the judgment-roll. As the defendant cannot compel him to proceed originally to review the decision by making a case and exceptions, so he cannot, after notice received to the effect that the case, with exceptions, had been abandoned, take any step to that end which he could not originally have taken. Rule 35 affords an easy, expeditious and ample mode of procedure in the event that the case and exceptions, after settlement by the judge, be not filed, and contains, if filing be omitted, a complete, and, in truth, the only penalty known to our practice against the party proposing such case and exceptions; and no exigency is perceived by the light of these appeal papers for enlarging its provisions.

We think that the practice of the plaintiff's attorney in this particular was authorized, and that, consequently, the order appealed from should be reversed.

DWIGHT, P. J., and LEWIS, J., concurred.

Order appealed from reversed, with ten dollars costs and disbursements of this appeal, and the motion denied, with ten dollars costs.