(128 App. Div. 736.)

### KINNER v. WHIPPLE et al.

(Supreme Court, Appellate Division, Third Department. November 25, 1908.)

1. TRIAL (§ 177*)—SUBMISSION TO JURY—WAIVER.

 Where neither party requests the submission of any question of fact to the jury, but each asks the direction of a verdict in his favor, they waive their right to go to the jury and consent that the court shall decide every question of fact in the case.

 [Ed. Note.—For other cases, see Trial, Cent. Dig. § 400; Dec. Dig. § 177.*]

2. APPEAL AND ERROR (§ 927*)—REVIEW—PRESUMPTIONS.

 On appeal, disputed facts are deemed to have been determined in favor of the party for whom the verdict is directed.

 [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 927.*]

3. TRIAL (§ 148*)—SUBMISSION TO JURY.

 In an action to recover the liquidated damages provided in a contract for the sale of timber, plaintiff's counsel asked for a direction of a verdict, and, on being asked by the court what dispute of facts there was to go to the jury, replied, "Upon the question of the abandonment of the contract," and, on the court's asking what important fact there was to go to the jury, said, "If they concede that the contract was abandoned, and stated there was nothing then to do, they are estopped by that, and we have no objections." The court then said, "That being the only issue counsel can see, I think I shall have to direct a verdict one way or the other," and on request directed a verdict for defendant. Held, that the suggestion of plaintiff's counsel that the question of the abandonment of the contract was a disputed fact was not equivalent to a request to go to the jury on that question.

 [Ed. Note.—For other cases, see Trial, Cent. Dig. § 331; Dec. Dig. § 148.*]

4. TRIAL (§ 148*)—SUBMISSION TO JURY.

 A request for submission of a disputed fact must be specific, so that the court may pass directly on it.

 [Ed. Note.—For other cases, see Trial, Cent. Dig. § 331; Dec. Dig. § 148.*]

5. TRIAL (§ 181*)—DIRECTION OF VERDICT—EXCEPTIONS.

 Plaintiff's exception to the direction of a verdict for defendants was not sufficient to notify the court of an objection to its disposal of the case; it only suggesting that plaintiff would have the verdict directed in his favor.

 [Ed. Note.—For other cases, see Trial, Cent. Dig. § 406; Dec. Dig. § 181.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. APPEAL AND ERROR (§ 169*)—OBJECTIONS BELOW—SUFFICIENCY.
    Where the attention of the trial justice is not called to the precise thing wanted or objected to, his ruling will not be reviewed on appeal.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 381–389; Dec. Dig. § 169.*]

    Cochrane and Kellogg, JJ., dissenting.

Appeal from Trial Term.

Action by Maggie Kinner against Charles R. Whipple and others. Judgment for defendants, and plaintiff appeals. Affirmed.

This action was brought to recover the liquidated damages provided in a written instrument dated April 21, 1900, wherein the plaintiff sold to the defendants all the marketable pine, and red and black oak timber, of a certain size then standing and growing upon about 400 acres of land. The defendants therein agreed to pay 70 cents for each pine log and $1.50 for the red and black oak, and "if at any time the parties of the second part shall abandon said contract then the said parties of the second part shall pay for all timber cut by them, and in addition thereto the said parties of the second part shall pay the said party of the first part the sum of $500 as fixed and liquidated damages, and not as and for a penalty." It appeared that the defendants cut and removed timber during the five succeeding years, and until February, 1907, with the knowledge and consent of the plaintiff, and that she accepted and retained the amounts paid for timber cut after the stipulated time.

At the conclusion of the evidence the defendants' counsel moved for a nonsuit upon various grounds, and the motion was denied. Plaintiff's counsel thereupon asked for a direction of a verdict for $500. The court asked: "What dispute of facts is there to go to the jury?" Plaintiff's counsel replied: "Upon the question of the abandonment of the contract." The court said: "I do not see any issue to go to the jury. There is practically no dispute in the proof. What important fact is there in this case to go to the jury?" Plaintiff's counsel then said: "If they concede that the contract was abandoned, and stated there was nothing then to do, they are estopped by that, and we have no objections." The court again asked: "Is there any issue of fact you can point out?" And plaintiff's counsel answered: "That is the only issue of fact I can think of now." The court then said: "That being the only issue counsel can see, I think I shall have to direct a verdict one way or the other." Defendants' counsel then asked the court to direct a verdict, and a verdict was directed in favor of the defendants.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

A. D. Arnold, for appellant.
T. D. Trumbull, Jr., and F. D. Morehouse, for respondents.

SEWELL, J. One of the questions presented by this appeal is whether the plaintiff is precluded by the record from now raising the question that the court erred in not submitting any question of fact to the jury. The rule is that, where neither party requests to have any question of fact submitted to the jury, but each asks that a verdict be directed in his favor, they waive their right to go to the jury and consent that the court shall decide every question of fact in the case. As was said by Judge Andrews in Thompson v. Simpson, 128 N. Y. 283, 28 N. E. 630:

"The effect of a request by each party for a direction of a verdict in his favor clothed the court with the functions of a jury, and it is well settled that in such case, where the party whose request is denied does not thereupon re-

quest to go to the jury on the facts, a verdict directed for the other party stands as would the finding of a jury."

Upon appeal the disputed facts are deemed to have been determined in favor of the party for whom the verdict is directed. Dillon v. Cockroft, 90 N. Y. 649; Kirtz v. Peck, 113 N. Y. 222, 21 N. E. 130; Smith v. Weston, 159 N. Y. 194, 54 N. E. 38; Westervelt v. Phelps, 171 N. Y. 212, 63 N. E. 962.

The plaintiff contends, however, that his suggestion that the question of the abandonment of the contract was a disputed fact was equivalent to a request to go to the jury upon that question. I think not. There was nothing in the suggestion, or in what was said on that occasion, to justify the conclusion that he did not desire the court to decide every question of fact, and that he did so intend is apparent from the fact that he acquiesced in the proposed action of the court. If the counsel for the plaintiff supposed that there was a disputed question of fact, material to the issue between the parties, and desired that it should be submitted to the jury, he should have withdrawn his motion for a direction of a verdict and requested the submission of that fact to the jury. The request should have been specific, so that the court could have passed directly upon it. Frantz v. Ireland, 66 Barb. 389; Winchell v. Hicks, 18 N. Y. 565; O'Neill v. James, 43 N. Y. 84; Flandreau v. Elsworth, 151 N. Y. 482, 45 N. E. 853.

I think it would be torturing the language of plaintiff's counsel to give it the effect claimed by him; but, if it could be regarded as tantamount to a withdrawal of the request for a direction and a request to go to the jury upon the question of abandonment, there was no exception to a refusal. The exception was to the direction in favor of the defendants. If the counsel was dissatisfied with the conclusion or opinion of the court that he would "have to direct a verdict one way or the other," he should have expressed his dissatisfaction by objecting or excepting to it. This he did not do. On the contrary, he apparently acquiesced in the conclusion and consented to a determination of the question suggested by the court. The exception to the direction of a verdict in favor of the defendants was not sufficient to notify the court of an objection to his disposing of the case. It only suggested to his mind that the counsel would have the verdict directed in favor of the plaintiff.

A trial justice is entitled to have his attention called to the precise thing wanted or objected to, so that the court which reviews his decision may be clearly and distinctly appraised of the ruling complained of. If this is not done, a court of review will not regard it. This rule is not too technical or severe. It has its foundation in a just regard to the fair administration of justice, which requires that when an error has been committed there should be an opportunity to correct it at once. It does not permit a party to lie by at the trial, and take the chances of success on the grounds stated by the court, and then, if he fails to succeed, avail himself of an objection which, if it had been stated, might have been removed. Frantz v. Ireland, 66 Barb. 386; Tilden v. Aitkin, 37 App. Div. 28, 55 N. Y. Supp. 735; Walsh v. Washington Ins. Co., 32 N. Y. 440; Chamberlin v. Pratt, 33 N. Y.

52; Magee v. Badger, 34 N. Y. 247, 90 Am. Dec. 691; Walsh v.
Kelly, 40 N. Y. 558; Trimble v. N. Y. C. & H. R. R. Co., 162
N. Y. 84, 56 N. E. 532, 48 L. R. A. 115.

"Doubt as to the application of an exception defeats it, for a judgment
should stand unless the appellant can point to a definite error raised distinct-
ly by a specific exception. The counsel excepting must lay his finger on the
point he seeks to raise, so that neither the court nor the opposing counsel will
be misled, but both may act advisedly and correct the error, if, on reflection,
after the point is clearly presented, it is regarded as an error." Clark v. N.
Y. C. & H. R. R. Co., 191 N. Y. 416, 84 N. E. 397.

"When it is intended to except to a specific proposition or to a particular re-
mark of a judge in his charge to the jury, the counsel making the exception
should put his finger on the proposition clearly and distinctly, beyond any
question, and employ language entirely plain, so that there can be no doubt
as to the real character of the exception or as to what was actually intended.
This is essential to enable the judge to correct, modify, or change the language
used, if he deems it proper, and to prevent any misconception or misapprehen-
sion as to what portion of the charge the exception was intended to apply."
McGinley v. U. S. Life Ins. Co., 77 N. Y. 495.

This practice is well settled and firmly established, and the tendency
is to increased strictness rather than to relaxation. Brozek v. Stein-
way Railway Co., 161 N. Y. 63, 55 N. E. 395. If, therefore, it be
assumed that there was a request to submit and a refusal to do so, I
am of the opinion that the court had the right to assume that the ex-
ception was taken to the direction of a verdict in favor of the defend-
ants, and not to the first proposition. As before observed, it did not
bring to the mind of the court or of the opposing counsel that the
plaintiff objected to the proposition "to direct a verdict one way or the
other." If it had clearly and distinctly covered this proposition, the
point would have been understood, and an opportunity would have
been afforded for correction, if the court so desired, or the opposing
counsel wished to consent to the modification. This was not done, and
I do not think it was intended.

The exception, therefore, only presents for review the question
whether there is sufficient evidence to uphold the decision in favor of
the defendants; and, as there is no question in that regard, it follows
that the judgment should be affirmed, with costs. All concur, except
COCHRANE and KELLOGG, JJ., who dissent.

COCHRANE, J. (dissenting). By written contract made in the
year 1900 plaintiff sold to the defendants "all the marketable pine and
red and black oak timber measuring 7 inches or over 14 feet from the
ground" standing and growing on certain described premises of plain-
tiff. The defendants agreed to pay 70 cents per market log for the
pine timber and $1.50 per market log for the red and black oak timber,
and to cut and remove said timber within five years from the date of
the contract. Said contract contained the following provision:

"If at any time the parties of the second part shall abandon said contract,
then the said parties of the second part shall pay for all timber cut by them,
and in addition thereto the said parties of the second part shall pay the said
party of the first part the further sum of $500 as fixed and liquidated dam-
ages, and not as and for a penalty."

The defendants have removed all the pine timber. The controversy arises over their failure to remove the oak. It is undisputed that defendants have removed about 200 markets of oak, and according to the estimate of their witness Ackley, called by them for the purpose of showing the quantity unremoved, such quantity is 195 markets; so that on the defendants' contention they have only removed about one-half of the oak timber required by their contract. The plaintiff's witness Finch, called for the same purpose, estimated that more than 500 markets of oak remained on the premises, measuring not merely 7 inches, as provided by the contract, but 8 inches in diameter 14 feet from the ground. Plaintiff's evidence also tended strongly to establish the fact that defendants refused to remove this oak timber, although requested to do so, about seven years after the contract was made.

The jury might easily have found from the evidence that defendants had failed to remove about three-quarters of the oak as required by their contract, and that they had intentionally abandoned their contract because of the difficulty of performing the part so abandoned. The pine timber was all removed; but the oak, which was obviously more difficult to manipulate and remove, remained. Of course, the benefit to plaintiff of this contract was not alone in the purchase price of the timber, but also in having her land cleared therefrom; and the refusal of defendants to remove this oak timber, scattered as it is over 400 acres, constitutes a striking failure to perform the contract in an essential feature. The case, therefore, should have been submitted to the jury, and should not have been disposed of by the court as a question of law.

The judgment, however, is upheld on the sole ground that the plaintiff, by her conduct at the close of the trial, consented that the case should be decided by the court rather than by the jury. After defendants had moved for a nonsuit, and the court had denied such motion, plaintiff's counsel moved for a direction of a verdict for $500. That motion was not decided by the court, and was apparently abandoned by plaintiff. The record shows that the following immediately took place:

"The Court: What dispute of fact is there to go to the jury?

"Mr. Arnold (plaintiff's counsel): Upon the question of the abandonment of the contract.

"The Court: That may be a legal question. What specific fact can you ask the jury to decide?

"Mr. Arnold: That the defendant Palmer stated to William Kinner and his sister that he was through, and there was not anything left to be lumbered under that contract. If that is true, the plaintiff is entitled to judgment.

"The Court: I do not see any issue to go to the jury. There is practically no dispute in the proof. What important fact is there in this case to go to the jury?

"Mr. Arnold: If they concede that the contract was abandoned, and stated there was nothing there to do, they are estopped by that, and we have no objection.

"The Court: Is there any issue of fact you can point out?

"Mr. Arnold: That is the only issue of fact I can think of now.

"The Court: That being the only issue counsel can see, I think I shall have to direct a verdict one way or the other.

"Mr. Trumbull (defendants' counsel): I ask the court to direct a verdict in favor of the defendant on the ground that the plaintiff has wholly failed to prove the cause of action alleged in the complaint.

"Motion granted. Exception."

The rule is unquestionable that, if both parties at the close of a case move for its disposition by the court as a matter of law, they are deemed to have consented that all questions of fact as well as law be decided by the court; but it is equally well settled that a party may recede from such motion, even after it has been decided adversely to him, and stand on his right to have a question of fact submitted to the jury, if he so requests. In the present instance plaintiff's counsel most clearly insisted that the question of abandonment was one for the jury. Such request lost none of its force because in form it was made in response to the court's queries. The court clearly must have understood that he was insisting on his right to go to the jury. Probably the learned trial justice would be the last one to assert that he did not so understand the situation. In fact, he expressly stated, and put his refusal to submit the case to the jury on the ground, that the question of abandonment was a legal question. In Koehler v. Adler, 78 N. Y. 290, it is said:

"Parties may consent, however, that the court may pass upon all questions both of fact and law, and if they do they will be bound, and when both parties ask a direction this court will presume such consent. In this case the presumption is repelled by an express request to go to the jury upon a question of fact. Besides, the court did not put the denial to submit the question of fact to the jury upon the ground that the defendant's counsel had irrevocably waived the right, but it was denied presumably upon the ground claimed here that the cause of action was proved by uncontradicted evidence, and that there was no question to submit, and that point is now before us for adjudication."

So here the court did not put its denial to submit the question of fact to the jury on the ground that plaintiff had waived such right, but expressly stated that the question of abandonment was one of law. The plaintiff duly excepted to the directed verdict, and I am unable to see that her right to go to the jury was not fully protected. The rule that questions of fact, as well as law, are deemed to have been submitted to the court for determination, where both parties ask the court to dispose of the case as one of law, is somewhat strained and artificial. As appears from the above quotation from the Court of Appeals, such rule rests on a presumed consent of the parties, when they make such motions, that the case be disposed of as one of law; but such presumption is repelled by an express request, thereafter made, to go to the jury upon a question of fact. Such request was made in this case, and to hold that the plaintiff waived her right to go to the jury would be the extension of the said rule beyond the point where it has ever yet been carried.

I think the judgment should be reversed.

KELLOGG, J., concurs.