NICHOLAS M. HARASYMCZUK, Plaintiff, *v.* MASSACHUSETTS ACCIDENT COMPANY, Defendant.

Supreme Court, Monroe County, May 27, 1926.

Insurance — accident insurance — paragraph " C " of policy provided for indemnity for loss from bodily injury " as shall immediately, continuously and wholly disable and prevent the insured * * * from performing every duty pertaining to any business or occupation "— fact that plaintiff attempted to work for two weeks' period at time when he was physically disabled does not preclude recovery — fact that plaintiff did not until trial file claim for period of two weeks worked bars indemnity for that period — evidence sufficient to show injury to plaintiff made visible contusion on exterior of body as recited in paragraph " H " of policy — fact that plaintiff was not regularly attended by physician, at least once in seven days, does not bar relief under paragraph " C " of policy.

Plaintiff, whom defendant insured under an accident insurance policy, clause C of which provided for the payment of fifty dollars per month for total loss of time for a period not exceeding five consecutive years " resulting * * * from bodily injury * * * caused solely through external, violent and accidental means * * * as shall immediately, continuously and wholly disable and prevent " plaintiff " from performing every duty pertaining to any business or occupation," is entitled to recover in an action on said policy, where it appears that as the result of a fall while at work, plaintiff was so seriously injured that it is doubtful if he will ever be able to perform work of a laborious nature, notwithstanding the fact that, after remaining away from his occupation for forty days, for which he was paid by defendant, he returned and for a period of two weeks endeavored to work at very light work at a time when in fact he was physically unable to do virtually any substantial kind of work; the fact that he endeavored to work during the two weeks' period does not preclude him from coming within the provision of the policy which requires that, in order

to obtain the benefits of the policy, the accident shall " continuously and wholly disable and prevent the insured, from the date of the accident, from performing every duty pertaining to any business or occupation."

The fact, however, that plaintiff did not file an application or claim for the two weeks' period during which he worked until a request was made to amend the complaint at the trial, bars an indemnity in his favor for said two weeks.

Medical testimony to the effect that by reason of the injury suffered by the plaintiff there was a rigidity of the muscles of the small of his back; that he could not walk normally; that the ninth and twelfth ribs were fractured; and that one of his kidneys was loose and out of position, is sufficient, within the meaning of paragraph " H " of the policy, to bring the plaintiff's recovery under clause " C " of said policy, since the injuries suffered did make a visible contusion, wound or mark on the exterior part of the body of the insured.

Nor is plaintiff precluded from recovering under clause " C " of the policy by reason of the fact that he was not regularly attended by a legally qualified physician at least once in seven days during the time for which claim was made by him, under the provisions of the policy, since by reason of the fact that plaintiff was totally disabled during the time for which he makes claim, the clause relating to medical attention is not applicable; said clause is only applicable to other provisions of the policy where loss other than total disability is claimed. If defendant's claim, that the plaintiff is not entitled to recover by reason of the lack of medical attention, as required by the policy, were to prevail, there was but a slight variance of a day, or a few days over seven days, and, except for the last month preceding the day of the commencement of the action, plaintiff substantially complied with the policy in this respect.

ACTION to recover benefits under accident insurance policy.

*Doyle & Corcoran,* for the plaintiff.

*Merle Lewis Schaffer,* for the defendant.

LEE, J.    This is an action brought by the plaintiff against the defendant on an accident insurance policy, the plaintiff's contention being that he is entitled to recover the sum of $50 per month between September 24, 1924, and the 1st day of May, 1925, or a sum which plaintiff claims is $361.65.   Upon the trial the plaintiff waived any claimed indemnity under the policy as to hospital treatment.

The insurance policy under which the plaintiff endeavors to recover in this action was issued to him by the defendant on the 18th day of August, 1924, and the policy under paragraph C thereof provides as follows:

" (C) TOTAL LOSS OF TIME     In the sum of fifty dollars per month for total loss of time for a period not exceeding five consecutive years, resulting directly or independently of all other causes from bodily injury sustained during the life of this Policy, caused solely through external, violent and accidental means (excluding suicide, sane or insane), and such as shall immediately, continuously and wholly disable and prevent

the insured, from the date of the accident, from performing every duty pertaining to any business or occupation, and not resulting in any loss specified in Paragraph E."

The defendant raises several questions, claiming plaintiff is not entitled to further remuneration than he has already received under the policy in question. The defendant paid to the plaintiff indemnity for forty-two days or one and one-third months under clause C above quoted, paying him sixty-six dollars and sixty-six cents, and the agent took from the plaintiff a receipt or release which defendant claimed was in full.

The question was submitted to the jury as to whether or not defendant's agent had procured the receipt or release through fraud, and the jury found that it was procured by fraud. This disposed of the question as far as the release was concerned. (*Rocci v. Massachusetts Accident Co.*, 222 Mass. 336.) This was the only question that either party asked to have submitted to the jury. Upon the trial the defendant took the position that all questions were for the court and the plaintiff did likewise except that he asked a special verdict of the jury on the question of fraud relating to the alleged release. Hence, it is my understanding under the method and manner in which the parties tried the action that all other questions were for the court. (*Jones* v. *Brooklyn Life Insurance Co.*, 61 N. Y. 79; *Kinner* v. *Whipple*, 128 App. Div. 736.)

Plaintiff was injured on July 22, 1924, by falling a considerable distance while at work. He was first away from the plant of his employer forty days for which he was paid the sixty-six dollars and sixty-six cents and then from September 2, 1924, to September 24, 1924, he endeavored to work. Plaintiff's foreman testified plaintiff did very light work and that plaintiff did not perform any substantial part of his former work as a bench hand. The plaintiff has not worked or been employed since September 24, 1924, and claims total disability under clause C of the policy. At the end of the two weeks' period mentioned plaintiff was again confined to the hospital where he was operated upon because his right kidney was loose and out of position. Such injuries resulted from the fall he received on July 22, 1924, there being no controversy on the trial on this question. The defendant raises the question that because the plaintiff went back to the plant of his employer and endeavored to work for two weeks he is now prevented from recovering under clause C above quoted. In analyzing the policy of insurance between the parties to this action this court must start off with a cardinal rule of construction as to policies of insurance that a construction must be made which is most favorable

to the insured. Policies of insurance are to be liberally construed and the conditions therein are to be construed strictly against those for whose benefit they are reserved. Construction should be made most favorable to the insured where any doubt or ambiguity arises as to the meaning of any clause. (*Schumacher* v. *Great Eastern Casualty & Indemnity Co. of N. Y.*, 197 N. Y. 58; *Marshall* v. *Commercial Travelers' Mutual Accident Assn.*, 170 id. 434; *Lowenstein* v. *Fidelity & Casualty Co. of N. Y.*, 88 Fed. 474.)

Clause C provides, referring to the accident, that it " shall immediately, continuously and wholly disable and prevent the insured from the date of the accident from performing every duty pertaining to any business or occupation  \*  \*  \*. "

The evidence shows conclusively that the plaintiff during the two weeks in question was endeavoring to work at a time when in fact he was physically disabled to do practically any substantial kind of work and he did not work at his regular employment. The fact that he endeavored to work during the two weeks in question does not bar him in my opinion from coming within the provisions of the policy which provides that the accident shall " immediately, continuously and wholly disable and prevent the insured, from the date of the accident from performing every duty pertaining to any business or occupation." (*Brendon* v. *Traders & Travelers' Accident Co.*, 84 App. Div. 530; *Pacific Mutual Life Insurance Co.* v. *Branham*, 34 Ind. App. 243.) The policy between the parties in question was intended as an indemnity policy when one was incapacitated from performing work. When one who has an accident policy such as the one in question endeavors honestly and faithfully to work, must such a person be penalized or must they lean toward the side of being a malingerer to recover? There is no question in this case but what the plaintiff received a most serious injury leaving him in such condition that it is doubtful if he will ever be able to perform work of a laborious nature. The policy being one of indemnity it certainly was not the intent of the parties to limit the right of indemnity under circumstances such as those of the present case. Where an insurance policy limits the right to indemnity to a continuous period of disability the continuity of the disability is not broken by the fact that an insured endeavors to return to work for a short period only while he is suffering from the injury received. (*Pacific Mutual Life Insurance Co.* v. *Branham, supra; Continental Casualty Co.* v. *Matthis*, 150 Ky. 477.) It has been frequently held that where an insured was incapacitated from performing any substantial part of his ordinary duties a case of total disability is presented although he is able to perform a few minor duties.

(*Neafie* v. *Manufacturers' Accident Ind. Co.*, 55 Hun, 111; *Wolcott* v. *United Life & Accident Ins. Assn.,* Id. 98.)    In the case of *Wolcott* v. *United Life & Accident Ins. Assn.* (*supra*) a physician was held to be totally disabled although he occasionally advised a patient but was incapacitated from performing any substantial part of his ordinary duties. In that case the physician was able to exercise his mind and patients applied to him for medical advice and received same but the court held nevertheless he was said to be totally disabled. The best that can be said of the plaintiff in this case was that he tried to work and could not do so.    In view of the fact, however, that the plaintiff did not file an application or claim for the two weeks in question from September 2, 1924, to September 24, 1924, until he asked for amendment of the complaint, at the time of trial under all the proof in this case, in my opinion he should not receive indemnity for the two weeks in question.

The defendant raises the further question that the plaintiff is not entitled to indemnity under paragraph C of the policy heretofore quoted as the defendant claims the injury to the plaintiff made no visible contusion, wound or mark on the exterior of the body of the insured.

Paragraph H of the policy between the parties is as follows: " (H) COVERED AS SICKNESS    In the event of injury or disability, fatal or otherwise, due wholly or in part, directly or indirectly to hernia; or to septicemia; or where the injury makes no visible contusion, wound or mark on the exterior of the body of the insured; or where the injury does not cause immediate disability; then, in all such cases referred to in this paragraph, indemnity will be paid only at the rate of and under the conditions and limitations of the Sickness Provisions of this Policy."

In my opinion there was sufficient evidence in the case to show that the injury to the plaintiff did make a visible contusion, wound or mark on the exterior part of the body of the insured.    The medical testimony of the plaintiff showed that by reason of the injury received there was a rigidity of the muscles in the small of plaintiff's back; that he had a deviation from the normal in his walk.    The twelfth and ninth ribs on the right side were fractured and the physicians after an examination operated on plaintiff by reason of the fact that one of his kidneys was loose and out of position.    Upon the trial of the action it was stipulated by the defendant that the plaintiff was injured and the answer of the defendant admits the 6th paragraph of plaintiff's complaint which alleges that plaintiff received bodily injuries caused through external, violent and accidental means.

The proof in this case is sufficient to comply with the provisions quoted in paragraph H of the policy. (*Menneiley* v. *Employers' Liability Assurance Corp.*, 148 N. Y. 596; *Gale* v. *Mutual Aid & Accident Assn.*, 66 Hun, 600; *U. S. Mutual Accident Association* v. *Barry*, 131 U. S. 100.)

The defendant raises the further question that the plaintiff cannot recover under clause C of the policy by reason of the fact that it claims the evidence does not show that the plaintiff was regularly attended by a legally qualified physician at least once in seven days during the time for which claim is made. Paragraph R of the policy of the parties provides as follows:

" MEDICAL ATTENDANCE   No indemnity shall be payable under this policy unless the insured has been regularly attended by a legally qualified physician at least once in each seven days during the time for which claim is made."

In my opinion, as the plaintiff was totally disabled during the time for which he makes claim, the clause relating to medical attention just quoted is not applicable but is only applicable to other provisions of the policy where less than total disability is claimed. (*Cook* v. *Benefit League*, 76 Minn. 382.) It frequently happens that a person totally disabled is beyond aid of medical assistance, and to hold that a person who could not be aided by medical assistance would have to go to the needless expense and trouble of having a physician at least once in seven days would be an unreasonable holding under a policy of this nature. This court can readily see how one partially disabled and who could be aided by medical attention, should have a physician at frequent intervals. Apparently the condition of the plaintiff in the case at bar is not one requiring weekly attendance of a physician. After he received the operation in question his primary trouble was remedied. By reason of the very serious injuries which he received the muscles in his back are apparently permanently injured, and to hold that if his physician did not call on him each week he should be barred from recovery under the policy in question, certainly would not be in accordance with the spirit and intent of a policy of indemnity of this nature. Even if the argument of the defendant were to prevail, in most of the instances where they raise the question there was but a slight variance of a day or a few days over seven days and the plaintiff substantially complied with the policy in this respect except for the last month preceding the date of the commencement of this action.

Therefore plaintiff is entitled to judgment at the rate of $50 per month from September 24, 1924, to May 1, 1925, or a total sum of $359.96.