WILLIAM O'BRIEN, Respondent, v. UTICA MUTUAL INSURANCE COMPANY, Appellant.— Appeal from judgment entered in the Saratoga county clerk's office upon a verdict directed by the court in favor of the plaintiff against the defendant for the sum of $1,687.46, including costs. Clifton Dewey was the owner of a 1933 Chevrolet sedan on which the appellant had written a public liability and property damage insurance policy, containing the usual co-operation clause to the effect that the assured would aid in securing information and evidence. On May 13, 1935, while Dewey was operating this automobile with the respondent as his passenger, an accident occurred. Shortly after the accident Dewey gave the investigator of the appellant a written affidavit reciting the facts surrounding the accident which showed that Dewey was not at fault. Suit was instituted against Dewey by the respondent and upon the trial Dewey testified in several material respects contrary to his affidavit and respondent had a verdict and judgment against him. Dewey was the last witness, and about five minutes after trial counsel began to sum up counsel's assistant served upon Dewey a notice of disclaimer on the ground of his failure to co-operate by refusing to make a frank statement as to the manner in which the accident occurred and in giving contrary testimony upon the witness stand. The notice recited that trial counsel would conclude the trial but that such procedure should not be a waiver of its right to disclaim. Respondent then brought suit against appellant. Appellant's answer admitted a *prima facie* case against it and pleaded a special defense of failure to co-operate. Upon the trial appellant assumed the burden of this special defense and upon the conclusion of such proof respondent rested and each side moved for the direction of a verdict. The trial court held that by continuing with the trial after having become fully apprised of Dewey's alleged failure to co-operate, the appellant waived its right to disclaim. Appellant asked the court to make a finding on the issue of lack of co-operation and the court declined to do so on the ground that such finding was unnecessary in view of its determination that there was a waiver and that he was precluded from so doing. Appellant then asked to go to the jury upon the question of co-operation which was denied, and then to go to the jury upon the question of waiver also, which was likewise denied. The court thereupon directed a verdict in favor of the plaintiff. Two questions of fact were presented, one whether there was a failure by its assured to co-operate with appellant and the other whether appellant had waived its right to disclaim. Under the authority of *Seltzer* v. *Indemnity Ins. Co.* (252 N. Y. 330) and *Knauss, Inc.*, v. *Indemity Ins. Co.* (270 id. 211), these issues were for the jury and there was no waiver as matter of law. The trial court should have granted appellant's request to go to the jury upon these issues when such request was made before the verdict had been directed. (*Kinner* v. *Whipple*, 128 App. Div. 736; judgment reversed and new trial granted, costs to abide the event, on dissenting opinion of Cochrane, J., below, 198 N. Y.

585.) Judgment reversed on the law and new trial granted, with costs to the appellant to abide the event. Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ., concur.