PROVIDENT LIFE INS. CO. *v.* ANDING.*

(Division A.  Oct. 4, 1926.)

[109 So. 670.  No. 25804.]

INSURANCE. *Whether automobile mechanic was totally disabled by injury to eye within clause of accident policy held properly submitted to jury.*

Whether automobile mechanic, by injury to one of his eyes, was totally disabled, within clause of accident policy, as thereby prevented from doing all substantial acts required of him in his business, *held* under facts in evidence properly submitted to jury, though he may have occasionally performed some single act connected with the business and pertaining to his occupation.

*Corpus Juris-Cyc. References: Accident Insurance, 1CJ, p. 511, n. 51; As to when insured is deemed to be totally and continuously unable to transact all business duties, see note in 24 A. L. R. 203; 14 R. C. L. 1315'; 3 R. C. L. Supp. 381; 4 R. C. L. Supp. 960; 5 R. C. L. Supp. 812.

APPEAL from circuit court of Lincoln county.
HON. E. J. SIMMONS, Judge.

Action by Pearlie Anding against the Provident Life Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

*Brady, Dean & Hobbs,* for appellant.

No jury cause was presented in this cause and none appears in the record now. Appellant was entitled to have either a peremptory instruction or an instruction that appellee could not recover more than twenty-five dollars. He cannot recover because the injury did not *"from the date of the occurrence of the accidental event causing the injury,* independently and exclusively of all other causes, wholly and continuously disable and pre-

vent the insured from performing *each and every kind of duty pertaining to his duty or occupation."*

Appellee was an unskilled laborer, a shop helper. His duties prior to his injury required him to wash cars, sweep out the shop, run errands, drive a car, jack up cars, take off and put on car wheels, and tasks of that nature. From the date of his injury until July 3, without one hour's interruption, he continued to do these things. The only thing that he seems not to have done was to jack up cars and change wheels.

Appellee was not in the same class as William R. Cato, appellee, in *Metropolitan Casualty Ins. Co.* v. *Cato,* 133 Miss. 283, 74 So. 114. Unlike the Cato case, appellee had no position of supervisory dignity but was merely a negro helper whose injury did not by any means prevent him from performing several of his accustomed daily duties, nor from doing practically all of the substantial acts required of him in his employment. We submit, therefore, that this case gives no authority to class Pearly Anding, a negro garage helper, with Mr. Cato, the white manager of a large plantation.

Appellee sued for complete disability for a full period of six months, but by his own testimony worked right on for nearly a month, during which time he was receiving wages; and then when he did leave work, returned within a period of six months. He did not fix the time and gave the jury nothing by which to fix it.

This case should be reversed and judgment should be entered here.

*John H.* and *R. O. Arrington,* for appellee.

Only one question is relied upon by appellant to escape liability in this case and that is that the insured was not prevented or impaired in any way by the injury to his eye from performing practically all of the acts required of his employment. The most that the record

shows in this case is the insured was occasionally able to perform one of the perfunctory duties of his employment, this at the most could only be considered as an incident of his employment.

As to the disability of the appellee, the issue in this case was settled by the verdict of the jury. Appellee can recover under part III, section A of the policy, because the provision plainly states this: if the injury from the date of the injury independently and exclusively of all other causes, wholly and continuously disables and prevents the insured from performing *each and every kind of duty pertaining to his business or occupation. Metropolitan Ins. Co.* v. *Cato,* 113 Miss. 283, 74 So. 114; *Keith* v. *Chicago, etc.,* 23 L. R. A. (N. S.) 352; 5 Elliott on Contracts, 4398; 1 C. J. 164.

The appellee never became physically able to resume his work as a mechanic, nor was he ever able to earn wages equal to the wages of a mechanic. The evidence shows that he was allowed to piddle around the shop by reason of his employer's indulgence and because of his need of the necessaries of existence, this is not sufficient to release appellant from its contract of indemnity for loss of time.

Argued orally by *Herman Dean,* for appellant.

McGowen, J., delivered the opinion of the court.

Pearlie Anding brought his suit against the Provident Life & Accident Insurance Company for six hundred dollars on account of an injury caused by a sliver of steel penetrating his eye, claiming that under the monthly indemnity clause for loss of time he lost six months, and that the defendant, accident company, was liable to him for fifty dollars a month for six months on account of said accident because of part III, section A of said policy, which reads as follows:

"If the injury hereinbefore described shall not result in any of the losses mentioned in part II, but shall from the date of the occurrence of the accidental event causing the injury, independently and exclusively of all other causes, wholly and continuously disable and prevent the insured from performing each and every kind of duty pertaining to his business or occupation, and shall require and receive the regular treatment of a legally qualified physician or surgeon, the company will pay the monthly accident indemnity hereinbefore specified for the period of such total disability, not exceeding seven months."

We do not deem it necessary to set out other parts of the policy, nor set out the pleadings, to which there is no objection here. We think this record shows that the appellee, Pearlie Anding, was employed, paid, and was insured by the appellant as an automobile mechanic, and that on June 11, 1925 while working as a paid automobile mechanic, and engaged in repairing an automobile, Anding's right eye was injured by a piece of steel. The proof further shows that Anding piddled (to use his own language) about the shop from June 11th until July 5th, but that his pay as an automobile mechanic stopped because of his inability to work; that he sometimes washed a car, drove a car somewhere in the town, and swept about the place, and that his employer gave him a "little something," but he did not receive full wages; that he was unable to perform the usual work theretofore performed, although he had, before his injury, done such things as above described when ordered so to do by his employer, who was a white man, he being a negro.

He seems to have been treated by several doctors, and was later sent to a hospital in New Orleans, where he remained three weeks the first time, and later returned for further treatment. The plaintiff was under orders from his physician, when he first got hurt, not

to work. These are about the essential facts in this case necessary for us to set out here.

The appellant, the accident insurance company, contends that it was entitled to a peremptory instruction in so far as the above section is concerned.

We think the case was fairly submitted to the jury as to whether or not the insured was prevented by his injury from doing all the substantial acts required of him in his business; that the above-quoted section applies and renders the company liable, notwithstanding the fact that he may occasionally perform some single act connected with the business and pertaining to his occupation. This view of the law is upheld in the case of *Metropolitan Insurance Co.* v. *Cato,* 113 Miss. 283, 74 So. 114, wherein the above-quoted section of an accident insurance policy was before this court, and we think this case disposes of the question raised here that the case was properly submitted to the jury, and we find no reason for disturbing the verdict of the jury rendered in behalf of the plaintiff in this case.

*Affirmed.*