[Civ. No. 6641. First Appellate District, Division One.—January 29, 1930.]

ANNA SHERMAN, Respondent, v. CONTINENTAL CASUALTY COMPANY (a Corporation), Appellant.

J. Hampton Hoge for Appellant.

Ford & Johnson for Respondent.

THE COURT.—Defendant appeals from a judgment in an action to recover on a policy of insurance issued in the year 1921, insuring plaintiff against loss of time resulting from accident or sickness.

On July 20, 1925, and while the policy was in force, plaintiff was injured by falling down five cement steps to the pavement, following which she was sick for a long period of time. Indemnity was claimed under each feature of the

policy, the complaint containing two counts, the first relating to the accident indemnity, whereunder the amount sued for was $1575; and the second relating to the health indemnity, whereunder the amount sued for was $1370. The action was tried before a jury and a verdict rendered in plaintiff's favor for the sum of $1575, the verdict being evidently based on the first count. If, therefore, no grounds for reversal exist as to the first count, it is unnecessary to consider the points raised as to the second.

With respect to the payment of accident indemnity, the policy provided as follows: "If injury . . . shall at once and continuously after the occurrence of the accidental event wholly disable the insured from performing each and every duty pertaining to his occupation, the company will pay said accident indemnity (of $105 a month) for such period, not exceeding five years, as the insured shall be so disabled," also that "if injury as is before described shall not at once wholly and continuously disable the insured but shall thereafter within ninety days wholly disable him, or shall, either at once after the injury or at once after a period of total disability, prevent him from performing work substantially essential to his duty or duties the company will pay one-half said accident indemnity (amounting to $52.50 a month) for such period not exceeding six months as he shall be so disabled. . . . " It was alleged in the first count that in falling down the steps plaintiff injured "her chest, side and back and herself internally; that said injuries induced and produced a pleurisy of plaintiff's left side and a persistent metorrhagia," and that as a result of the accident she "was at once and continuously thereafter for a period of one year, wholly disabled from performing each and every duty pertaining to her said occupation; and thereafter and for a further period of more than six months was prevented from performing work substantially essential to the duty and duties of her said occupation."

The evidence adduced at the trial discloses the following facts: Plaintiff was thirty-nine years of age and was employed as an automobile saleswoman in Burlingame, working on commission. Immediately following the accident she was confined to her bed for two days, after which she arose and remained about the house for a day or two. For the next few days she visited her place of business daily, for an

hour or two, for the purpose of looking after her commissions and meeting prospective buyers; but on July 29th she was compelled to give up entirely. Shortly afterward she called in a physician and was under his care from August 14th to September 10th, at which time she went to live with her parents near Bakersfield and was placed under the care of three physicians. She remained there until September, 1926, and then came to San Francisco, where she endeavored to work as a "food checker" in a hotel, but after working ten days was compelled to quit because of her impaired physical and mental condition. On cross-examination of plaintiff it was disclosed that on Sunday morning, July 26th, she drove an automobile to the residence of a Mr. Snyder, in Burlingame, for the purpose of interesting him in the sale of it, and that she drove around with him for an hour and a half, part of which time she drove the automobile; also that about the same time she gave Mrs. Snyder and her daughter each a lesson in driving. It was also shown that during the same week she drove an automobile to the home of a Mrs. Lynes, in Burlingame, and made an appointment for a demonstration.

Appellant contends that because of plaintiff's activities above mentioned she was not entitled to full indemnity for one year under the total disability clause of the policy, and that therefore the verdict which is based thereon is excessive. ■ While there appears to be some conflict in the authorities as to what shall constitute total disability within the meaning of a clause of insurance such as we have here, there is ample authority to be found both in the decisions and the text-books to the effect that in order to constitute total disability it is not necessary that the insured be absolutely helpless, and that an attempt by the insured to perform a few occasional trivial acts relating to the duties of his employment, though in fact he ought not to have made such attempt, does not deprive him of the right to show that he was totally disabled (Cooley's Briefs on Insurance, 2d ed., pp. 5538, 5539, citing *United States Casualty Co.* v. *Perryman,* 203 Ala. 212 [82 South. 462]), it being held sufficient if the injuries are of a character and degree that common care and prudence require him to desist from his labors so long as it is reasonably necessary to effect a speedy cure. (Kerr on Insurance, p. 385; 4 Joyce on Insur-

ance, p. 303; *Continental Casualty Co.* v. *Mathis,* 150 Ky. 477 [150 S. W. 507]; *Harasymczuk* v. *Massachusetts Acc. Co.,* 127 Misc. Rep. 344 [216 N. Y. Supp. 97]; *Pacific Mutual Life Ins. Co.* v. *Branham,* 34 Ind. App. 243 [70 N. E. 174]; *Booth* v. *United States Fidelity & Guaranty Co.,* 3 N. J. Misc. Rep. 735 [130 Atl. 131]; *American Liability Co.* v. *Bowman,* 65 Ind. App. 109 [114 N. E. 992]; *Jones* v. *Fidelity & Casualty Co.,* 166 Minn. 100 [207 N. W. 179, 182].) In the case last cited, in dealing with the question of total disability, it was said:

"Should the insured be penalized because, in total ignorance of the serious character of the injury he had received, he undertook to perform, as best he could, under distressing conditions, some of his professional duties, when he might reasonably not have attempted to do any work at all, and thus, without question, have held the insured liable for loss from disability?

"We think it may be said to be a matter of common knowledge that in a great many, perhaps in a large majority of, instances in which bodily injuries are received, the real nature and extent of said injuries do not reveal themselves until a greater or less time in the future and after the first pains from the hurt shall have passed away. The injured part often lies dormant for an indefinite period, with but little or no consciousness of its existence by the person injured, although from the very moment of the accident, perhaps, the processes of nature may be busily engaged in developing what may have seemed to be but a slight hurt into a most serious and perhaps fatal injury. In such a case it cannot be said that the injury is not continuous and from date of the accident, because the injured party enjoys a brief respite from pain and suffering, only to be endured to a greater degree when perverted nature again asserts itself."

In the present case plaintiff testified that from the time of the accident she suffered from severe headache and pain in her chest and left side; that she could not eat or sleep; that her body was numb and that in twenty days she lost twenty-one pounds in weight. She further stated that after making desperate effort for a few days to resume some of her duties, she could not "stick it out any longer" and therefore quit. Under such circumstances we think her

case was brought within the total disability clause of said policy. In any event it was a question of fact for the jury to decide from all the circumstances surrounding the employment (*Provident Life Ins. Co.* v. *Anding,* 144 Miss. 277 [109 South. 670]), and the evidence being legally sufficient to sustain its conclusion thereon it is beyond the power of this court on appeal to interfere therewith.

Further contention is made that the disability from which plaintiff suffered did not result from the accident, but from natural causes peculiar to her sex. It is sufficient to say, however, that there is ample evidence in the record to support a contrary conclusion.

Instruction V, given at the request of plaintiff, to which objection is made, amplifies the provisions of section 1654 of the Civil Code; and while, as appellant claims, the construction of the insurance contract is to be left to the court, we think that in view of the disputed question of fact arising under the total disability clause of the policy, the giving of the instruction complained of was justified. Nor is there any merit in appellant's point relating to the exclusion of the so-called McNamara report, for the reason that the report was not sufficiently identified.

In view of the conclusions we have reached as to the first cause of action, it becomes unnecessary to consider the merits raised as to the second.

The judgment is affirmed.