[Civ. No. 9305. Second Appellate District, Division Two.—February 20, 1935.]

JACOB J. BOCHNER, Appellant, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES (a Corporation), Respondent.

Albert Sidney Brown for Appellant.

Newlin & Ashburn and Ray J. Coleman for Respondent.

WILLIS, J., *pro tem.*—Appellant, plaintiff below, brought suit against respondent to recover weekly indemnities under a health policy of insurance. Respondent denied liability and by counterclaim sought to recover certain payments of such indemnities theretofore made. After trial by the court, findings and conclusions were filed and thereon a judgment was entered that plaintiff take nothing and that defendant recover from plaintiff the sum of $428.56, with certain interest. From this judgment this appeal is prosecuted, and the chief contention of appellant is that the findings in respect to the question of disability and on the issues raised by the counterclaim are not supported by the evidence.

The indemnity clause provided that if disease shall wholly and continuously disable the insured and prevent him from performing any and every duty pertaining to *his* occupation, the society will pay for the period of such continuous disability the sum of $50 per week for not exceeding 52 weeks; and that after such payment for 52 weeks the society will continue the payment of weekly indemnities in the same amount thereafter so long as the insured shall be wholly and continuously disabled by such disease from engaging in *any* occupation or employment for wage or profit. It was alleged in the complaint and found by the court that from July 12, 1929, to August 22, 1931, respondent paid the weekly indemnities to appellant as for total disability in respect to his occupation. The court further found that from August 23, 1931, to date of trial appellant was not wholly and continuously disabled by disease from engaging in *any* occupation or employment for wage or profit, and that by reason of false representations made by appellant, respondent had paid indemnities amounting to the sum of $428.56 over the period from August 23, 1931, to October 21, 1931.

It is obvious from a reading of the briefs, and quite manifest after inspecting the transcript of the evidence, that

there was a real and substantial conflict in the evidence considered by the court in making its findings. The question of disability was one of fact for the court to decide upon all the evidence. (*Sherman* v. *Continental Casualty Co.*, 103 Cal. App. 518 [284 Pac. 946].) The opinions of the physicians who testified are on opposite sides of the question of disability. This expert opinion evidence alone, in view of the nature of appellant's affliction, is sufficient to create a substantial conflict, and the finding of the trial court thereon is conclusive. (*Fitzgerald* v. *Globe Indemnity Co.*, 84 Cal. App. 689 [258 Pac. 458].)

█ Appellant assigns as error the overruling of objections to two questions propounded to a physician by respondent's attorney. The first question objected to was as to whether or not the doctor based his opinion as to ability of appellant to engage in an occupation upon his observation and treatment of others suffering in like manner as appellant. His whole testimony shows fully that the doctor based his opinion upon his experience with appellant and others, and the ruling was therefore not prejudicial. █ The other question objected to was propounded to the same witness, and merely inquired as to whether or not the doctor's other patients, suffering in like manner as appellant, did any work. The witness, after answering the question, thoroughly explained the general conditions under which such patients may and do work. No prejudice could have resulted from the affirmative answer to the question.

The judgment is affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 18, 1935.