[Civ. No. 10748.   Second Appellate District, Division Two.—March 9, 1936.]

JOHN H. IVES, Appellant, v. THE PRUDENTIAL INSUR-
ANCE COMPANY OF AMERICA (a Corporation),
Respondent.

Joseph A. Ball for Appellant.

Loeb, Walker & Loeb, Henry Duque, Harry Friedman and
Herman F. Selvin for Respondent.

WOOD, J.—Plaintiff seeks to recover disability benefits
under two policies of life insurance which he claims are due

him for total and permanent disability dating from September 10, 1926. He appeals from a judgment in favor of defendant insurance company.

For failure to pay premiums the two policies lapsed on February 18, 1928, and January 17, 1929. One of the policies provided that defendant would make payment "if the Insured shall become totally and permanently disabled, either physically or mentally, from any cause whatsoever,·to such an extent that he (or she) is rendered wholly, continuously and permanently unable to engage in any occupation or perform any work for any kind of compensation or financial value during the remainder of his (or her) lifetime, and if such disability shall occur at any time after the payment of the first premium on this Policy, while this Policy is in full force and effect". A provision quite similar was contained in the other policy. The trial court found that "plaintiff's disability if any, did not become total and permanent until some time subsequent to the date of the lapsing and forfeiture of each of said policies of insurance as hereinafter found". This finding is attacked by plaintiff, who contends that it is not supported by the evidence.

At the time plaintiff asserts he became totally disabled he was an agent of defendant company and was familiar with the provisions of the company's policies. Nevertheless, he did not file with the company his claim for total disability until April 27, 1929, more than a year after the lapse of one policy and more than two months after the lapse of the other. In answer to a letter in which defendant asked why a claim was not filed while the policies were in force plaintiff wrote: "My reason for not pressing the claim while the policies were in force is because as I have stated before, that it was being done through the Veterans Bureau, as I had first had sinus in the service and wanted to service connect it but failed as I could not locate the doctor who had lost or failed to make a record of my illness when I had the flu and sinus in Brest 1919. There was not much use for me to apply to you until I was considered wholly and permanently disabled as you know what the policy says about that. However, your records show that I did all possible before that even."

Plaintiff's medical testimony is of no substantial aid to his case and he must depend almost entirely on his own testimony. He made the general statement that he had become

totally disabled in 1926. In detailing the circumstances of his illness and his physical condition he testified that in the early part of September, 1926, he "became ill suffering from a severe influenzal cold, headaches and a pain over the eyes. The headaches would remain for a period of three to four days and would then subside. The headaches were so severe that I was confined to my bed. I had a pain in the sinuses and over my eyes and I was very dizzy. . . . After this illness my headaches were continuous for about two years and my eyesight began to fail, particularly in the left eye. I became so nervous and irritable that I could not bear to see or talk to anyone. . . . My speech began to be affected around November, 1927, and became steadily worse. I did not work in Minnesota after September, 1926, except that an old friend of mine requested me to call and gave me an application for a policy of life insurance with The Prudential Insurance Company of America. I did no actual work in selling this policy. I left Minneapolis on September 15th, 1928, for California. Since coming to California I have been able to do no work. My headaches have continued. I tried to sell insurance policies two or three times in the last several years but had to give up because of my speech and my general condition. I stay in bed most of the morning. I spend some time on the beach. I have a headache every day in my forehead. My speech has become no worse since 1927 but it has not improved. . . . I am able to and do play poker for money two or three times a week. I spend some of my time at the Club playing poker and other card games. Except for my attempts to sell a policy of insurance since my arrival in Long Beach, I have never at any time attempted to do any work or obtain any employment."

The question whether a policyholder has become permanently disabled is for the determination of the trial court. (*Sherman* v. *Continental Cas. Co.*, 103 Cal. App. 518 [284 Pac. 946].) The court was not bound to accept the positive statement of the insured that he became permanently disabled on a given date. (*Davis* v. *Judson*, 159 Cal. 121 [113 Pac. 147].) The court had an opportunity to observe the apparent physical condition of the insured at the time of trial, to note the degree of his mentality, his asserted nervousness and the extent of the impairment of his speech. As said in *Dietlin* v. *General American Life Ins. Co.*, 4 Cal. (2d) 336

[49 Pac. (2d) 590] : ''The trial court here was vested with the power of judging of the credibility of the witnesses, and in the exercise of that function may have had in mind the temptation on the part of plaintiff to magnify the seriousness of his condition.'' The court doubtless considered such a temptation as well as the fact that plaintiff did not file his claim until long after the time asserted as the date of the commencement of his permanent disability and after both policies had lapsed; and the further fact that the plaintiff wrote to the company on April 29, 1932, ''There was not much use for me to apply to you until I was considered wholly and permanently disabled as you know what the policy says about that.'' Plaintiff's detailed statement as a witness concerning his physical ailments does not necessarily lead to the conclusion that he was permanently ill or totally incapacitated from working during September of 1926 or at any time thereafter while the policies were in force. The finding under attack is not without support in the evidence.

The judgment is affirmed.

Crail, P. J., and Gould, J., *pro tem.*, concurred.