AUTOMOBILE OWNERS SAFETY INSURANCE COMPANY, a Corporation, Plaintiff in Error,

v.

Robert Lee BAKER, Defendant in Error.

No. 37590.

Supreme Court of Oklahoma.

April 15, 1958.

Swank & Swank, Stillwater, for plaintiff in error.

Thomas A. Wallace, Sapulpa, Jack B. Sellers, Drumright, for defendant in error.

CORN, Vice Chief Justice.

On December 24, 1954, Robert Lee Baker, a bricklayer's helper by trade, suffered extensive and permanent injuries in an accident involving two cars, he being a passenger in one of the cars at the time.

There is no question but that he was permanently and totally disabled from performing the duties of his trade. Further it is unquestioned that he was without education, leaving school after the fourth grade.

Several months prior to the accident he purchased an Automobile Owners Accident and Family Hospital Policy from the Automobile Owners Safety Insurance Company, a Corporation. Among other provisions it provided that if such automobile injury "* * * shall immediately after accident wholly and continuously disable and prevent the insured * * * from performing any and every duty pertaining to any business or occupation, and as the result thereof is thereby necessarily confined within doors and require regular medical treatment by a legally licensed medical or osteopathic physician or surgeon the Company will pay * * * at the rate of $100 per month so long as such disability and confinement continues."

Upon proof of the disability and confinement the company commenced paying to Baker the sum of $100 per month. It continued to make such monthly payments until April 6, 1955 when it was advised that Baker had been seen at church.

Baker, shortly thereafter, brought this action against said company to enforce the continuance of such monthly payments. The trial resulted in a jury verdict for the full amount up to the time of the trial in favor of the plaintiff.

This court has adopted a rule of liberal construction of an insurance con-

tract containing such provisions as the policy in question in this case. We have held that the requirements of necessary confinement within the house or within doors, and regular medical treatment by a licensed doctor in order to recover benefits under the policy are evidentiary only, and not prerequisite to recovery where insurer admitted insured's total disability. Massachusetts Bonding Insurance Co. v. Springston, Okl., 283 P.2d 819.

The instructions upon which this case was submitted, clearly presented the case to the jury in conformity with the rule. In addition the jury's attention was directed to the provision of the policy that plaintiff must have been wholly and continuously disabled from performing any and every duty pertaining to any business or occupation.

In this connection, although the company admits plaintiff is wholly and continuously disabled from performing any and every duty pertaining to his trade of bricklayer's helper, it does not admit that he is disabled from performing any and every duty pertaining to any business or occupation.

It takes the position that the record discloses that the plaintiff owns and operates a tourist court which he acquired on the first day of December, 1955; that he assists in the operation and management thereof; and that, therefore, it is conclusively shown that the plaintiff is not prevented from performing any and every duty pertaining to any business or occupation and that plaintiff is precluded from recovery by reason of the terms of such limited accident policy.

The evidence adduced discloses that plaintiff did purchase the tourist court, taking possession thereof on the 1st day of December, 1955; that his wife operates it; that when she is gone he lies around in the office; that he advises with his wife as to the operation thereof. The fact that his injuries are permanent and continuously painful wholly disabling the plaintiff from the performance of physical labor is, in ef-

fect, unquestioned. It is apparent that he is under doctor's care, making more or less regular trips to Tulsa, approximately 60 miles away, to see him, traveling either by car or by bus; that he regularly attends church.

The character of this testimony is such that it tends to sustain the findings inherent in the verdict, that the nature of plaintiff's confinement and regular medical treatment as disclosed by this record meet the requirements of the policy in this regard being evidence of total disability; that by reason of such total disability he is prevented from performing any and every duty pertaining to any business or occupation.

A practical construction of such provisions in an accident policy requires the taking into consideration the nature of the business and the insured's educational background, experience and capabilities in regard to such business. Travelers Ins. Co. v. Blake, 176 Okl. 364, 55 P.2d 975. Viewing the evidence in this light it shows that the plaintiff was an uneducated bricklayer's helper with no indication that he had any business experience in the operation of a tourist court or any other business which would in any manner fit him for a major advisory role in the operation of such a business. Physically he was unable to carry on the duties. Thus his physical condition, educational background and experience seem to belie the performance of any substantial or material duty in connection with the operation of the tourist court bought to sustain the family when his total disability prevented him from carrying on his trade. Travelers Ins. Co. v. Blake, supra.

The cases from other jurisdictions cited by the parties including the annotations in 29 A.L.R.2d 1411, are informative and helpful. However, the rule of liberal construction of such a contract seems to be clearly fixed by this court and no useful purpose can be served by referring to the cases from the other jurisdictions.

Judgment affirmed.